1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 ERNEST JOHN ESQUIBEL,          )    1:11-cv-01635 MJS HC
                                  )
12              Petitioner,       )
                                  )    ORDER TO SHOW CAUSE WHY THE
13                                )    PETITION SHOULD NOT BE DISMISSED
        v.                        )    FOR PETITIONER'S FAILURE TO
14                                )    EXHAUST STATE REMEDIES
                                  )
15 ON HABEAS CORPUS,              )
                                  )
16              Respondent.       )
   _____)
17

18 _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254. Petitioner challenges his validation by the California Department

20 of Corrections as an associate of the Mexican Mafia. (Pet., ECF No. 1.)

21 **I.     DISCUSSION**

22         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

24 plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

25 Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

26 Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

27 Governing § 2254 Cases.

28         A petitioner who is in state custody and wishes to collaterally challenge his conviction

by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of*

1
2
3
4
5

*the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

6
7

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

8  <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

9   Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner

10  has not presented his claims to the highest state court, the California Supreme Court.

11  Accordingly, this Court cannot determine which, if any, of his claims have been exhausted.

12  If Petitioner has not presented his claims to the California Supreme Court, the Court cannot

13  proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that

14  Petitioner has presented his claims to the California Supreme Court and simply neglected to

15  inform this Court. Thus, Petitioner must inform the Court if his claims have been presented to

16  the California Supreme Court, and if possible, provide the Court with a copy of the petition filed

17  in the California Supreme Court, along with a copy of any ruling made by the California

18  Supreme Court.  Without knowing what claims have been presented to the California Supreme

19  Court, the Court is unable to proceed to the merits of the petition.

20  **II.    ORDER**

21   Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not

22  be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to

23  inform the Court what claims have been presented to the California Supreme Court within

24  thirty (30) days of the date of service of this order.

25   Petitioner is forewarned that failure to follow this order will result in dismissal of the

26  /////

27  /////

28  /////

1    petition pursuant to Local Rule 110.

2

3

4    IT IS SO ORDERED.

5    Dated:   October 14, 2011          /s/  *Michael J. Seng*

6                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28